UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| TESSA ELENA BERGMAN | ) | Case No. 08-10749-RGM |
| | ) | Chapter 13 |
| Debtor | ) | |
| | ) | |
| MICHAEL L. BUESGENS | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| vs. | ) | Adversary Proceeding No. 08-1372 |
| | ) | |
| TESSA ELENA BERGMAN, *et al.* | ) | |
| | ) | |
| Defendants | ) | |

**MEMORANDUM OPINION**

The narrow issue before the court is whether subject-matter jurisdiction exists over the claims asserted in the complaint, and whether, with respect to the most recently-added defendant, the complaint states a claim for relief. This is an action by a former IRS employee against the debtor and 13 others, including the chapter 13 trustee, the Secretary of the Treasury, the Secretary of the Department of Health and Human Services, and a number of other government officials, union officials, and attorneys. After the plaintiff filed a pleading adding the bankruptcy judge presiding over the debtor's chapter 13 case as a party defendant, the adversary proceeding was reassigned to the undersigned judge. In reviewing the original and amended complaint, the court was concerned that the claims alleged fell outside the scope of this court's jurisdiction. Accordingly, the court, by order to show cause, gave the plaintiff notice of the apparent

jurisdictional infirmity and an opportunity to file a memorandum addressing the issue. The plaintiff, rather than filing a memorandum, filed a notice of appeal which the court will nevertheless treat as the functional equivalent of a response to the order to show cause.

Background

Tessa Elena Bergman ("the debtor") filed a voluntary petition in this court on February 19, 2008, for adjustment of her debts under chapter 13 of the Bankruptcy Code. The case was assigned to the Honorable Robert G. Mayer, United States Bankruptcy Judge. Although several proposed plans were denied confirmation, a modified plan, filed on July 1, 2008, was ultimately confirmed on September 15, 2008. The plan requires the debtor to pay the chapter 13 trustee $200.00 a month for 60 months and projects a dividend to unsecured creditors of 5 cents on the dollar.

Although not listed as a creditor on the schedules, Michael L. Buesgens filed a proof of claim in the amount of $6,346,000 for "personal injury." He also filed a motion to intervene in the bankruptcy case on the ground that he had employment discrimination claims against the IRS that were similar to the debtor's own claims. After the motion to intervene was denied by Judge Mayer on July 31, 2008, Buesgens filed a notice of appeal on September 2, 2008 (but did not pay the required filing fee). Two days later, he filed the complaint commencing the present adversary proceeding.[1] At a hearing held on September 10, 2008, Judge Mayer sustained the

---

[1] The court notes that the adversary proceeding is very similar to one Buesgens attempted to file in the United States Bankruptcy Court for the District of Columbia under the umbrella of the bankruptcy case of a different debtor whose connection with him was, however, more direct, because that debtor had allegedly been Buesgens's supervisor. *Buesgens v. Tawney (In re Tawney)*, A.P. No. 07-10008. Like the complaint here, it attempted to assert Buesgens's own claims against the Commissioner of Internal Revenue and the Secretary of the Treasury. The

(continued...)

debtor's objection to Buesgen's claim. After Buesgens filed a notice of appeal with respect to that ruling—but again, did not pay the filing fee—he then, on September 22, 2008, filed a pleading in this adversary proceeding adding Judge Mayer as a defendant.

Discussion

A.

As a threshold issue, the court must determine whether it can rule on the jurisdictional issues in light of the notice of appeal filed by Buesgens with respect to the order to show cause. As a general proposition,

> The rule is well established that the taking of an appeal transfers jurisdiction from the Bankruptcy Court to the Appellate Court with regard to any matter involved in the appeal and divests the Bankruptcy Court of jurisdiction to proceed further with such matters. * * * The divestment of jurisdiction is a judicial rule to avoid confusion and waste of time that might flow from putting the same issues before two courts at the same time. * * * In order to assure the integrity of the appeal process, it is imperative that the lower court take no action which might in any way interfere with the jurisdiction of the appeal court.

*Ingersoll-Rand Financial Corp. v. Kendrick Equipment Corp. (In re Kendrick Equipment Corp.)*, 60 B.R. 356, 358 (Bankr. W.D. Va. 1986) (holding that bankruptcy court was without jurisdiction to consider a motion to reimpose the automatic stay where the debtor's appeal from the order terminating the stay was still pending before the district court). The rule, however, does not divest a bankruptcy court of all jurisdiction simply because an appeal has been taken with respect to a particular issue or issues. The United States Court of Appeals for the Fifth Circuit has held, for example, that a bankruptcy court was not divested of jurisdiction to consider

---

[1](...continued)
bankruptcy court dismissed the complaint *sua sponte* for failure to state a claim for denial of discharge and for lack of subject matter jurisdiction on his other claims for relief. *Buesgens v. Tawney (In re Tawney)*, A.P. No. 07-10008 (Bankr. D. D.C., April 23, 2007)

3

a motion to convert a case to chapter 7 simply because an appeal was pending of an order granting relief from the automatic stay.  *Sullivan Central Plaza I, Ltd. v. BancBoston Real Estate Capital Corp. (In re Sullivan Central Plaza I, Ltd)*, 935 F.2d 723 (5th Cir 1991) (reasoning that if the bankruptcy court were divested of all jurisdiction, its ability to administer its cases in a timely manner would be severely hampered); *see, also, Urban Development Ltd., Inc. v. Hernando New York Assocs. (In re Urban Development Ltd., Inc.)*, 42 B.R. 741 (Bankr. M.D. Fla. 1984) (holding that the pendency of an appeal from an order granting relief from the automatic stay did not deprive bankruptcy court of jurisdiction to consider a motion by the debtor to sell the property free and clear of liens but did preclude the bankruptcy court from granting an injunction to prevent the secured creditor from foreclosing before the property could go to settlement).

In the present case, there is the additional consideration that the show cause order—because it adjudicates no rights but merely frames the issues and provides an opportunity and time limit for response—is not a final order and therefore may be appealed only by permission of the district court.  28 U.S.C. § 157(a)(3); *see In re M & S Grading, Inc.,* 2007 WL 1351123 at *2 (D. Neb., April 13, 2007) (holding that order denying motion for an order to show cause was not a final order because it did not end or conclude the litigation).  Although the statute itself provides no specific standard for granting leave to appeal, most district courts apply the analysis followed when granting certification for an interlocutory appeal to the court of appeals under 28 U.S.C. § 1292(b), that is, that the appeal involves "a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal . . . may material advance the ultimate termination of the litigation."  *KPMG Peat Marwick v.*

*Estate of Nelco, Ltd.*, 250 B.R. 74 (E.D. Va. 2000) (denying interlocutory appeal from bankruptcy court wherethere was no difference of opinion between courts on controlling issue of law). Because the order to show cause did not conclusively determine <u>any</u> issues, the likelihood that the district court would grant leave for an immediate appeal is minuscule.[2] For that reason, this court concludes that it retains the power to rule on the issues until such time as the district court actually grants leave to appeal.

B.

Bankruptcy courts, like other federal courts, are courts of limited jurisdiction, and as such, they must be alert to overstepping their limited grants of jurisdiction. *Poplar Run Five L.P. v. Virginia Electric & Power Co. (In re Poplar Run Five L.P.)*, 192 B.R. 848, 854-55 (Bankr. E.D. Va. 1995). Under 28 U.S.C. §§ 1334 and 157(a) and the general order of reference from the United States District Court for the Eastern District of Virginia dated August 15, 1984, this court has jurisdiction over bankruptcy "cases" and civil proceedings that "arise under" the Bankruptcy Code, that "arise in" a bankruptcy case, or are "related to" a bankruptcy case.

To determine whether a civil proceeding "arises under" the Bankruptcy Code, a court must

> apply the same test for deciding whether a civil action presents a federal question under 28 U.S.C. § 1331. This means that "arising under" jurisdiction in bankruptcy extends to "only those cases in which a well-pleaded complaint establishes either that federal [bankruptcy] law creates the cause of action or that

---

[2] Permission for leave to appeal an interlocutory order requires the appellant to file <u>both</u> a notice of appeal <u>and</u> a motion for leave to appeal. Fed.R.Bankr.P. 8001(b) and 8003(a). However, if a motion for leave to appeal is required but not filed, the district court may treat the notice of appeal as a motion for leave to appeal or may direct the filing of a motion for leave to appeal, and, in either event, may grant or deny the motion. Fed.R.Bankr.P. 8003(c).

>the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal [bankruptcy] law.

*Poplar Run Five*, 192 B.R. at 855 (internal citations omitted) (alterations in original). Proceedings "arising in" a bankruptcy case, as the Fourth Circuit has explained, are those proceedings that "are not based on any right expressly created by [the Bankruptcy Code], but nevertheless would have no existence outside of the bankruptcy." *Bergstrom v. Dalkon Shield Claimants Trust (In re A. H. Robins Co., Inc.)*, 86 F.3d 364, 372 (4th Cir. 1996), *cert. denied*, 117 S.Ct. 483, 136 L.Ed.2d. 377 (1996); *see Grausz v. Englander*, 321 F.3d 467 (4th Cir 2003) (debtor's malpractice claim against his bankruptcy attorney for acts committed during the case "arises in" the bankruptcy case). Finally, the "related to" category of proceedings is "quite broad and includes proceedings in which the outcome could have an effect on the estate being administered*." Robins*, 86 F.3d at 372*, citing Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedoms of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate."). Nevertheless, the "related to" category is not so broad as to encompass litigation of federal or state law claims that will not have an effect on the bankruptcy estate, simply because one of the litigants filed a petition in bankruptcy. *New Horizon of N.Y., LLC v. Jacobs*, 231 F.3d 143 (4th Cir. 2000) (district court lacked even "related to" jurisdiction over state law claims by entity formed to purchase debtor's assets in accordance with a confirmed plan against parties who allegedly interfered with the sale); *Valley Historic Ltd. P'ship v. Bank of New York*, 486 F.3d 831 (4th Cir. 2007) (bankruptcy court did not have post-confirmation jurisdiction to adjudicate debtor's claims against lender holding a deed of trust against its property for improperly increasing the monthly

payments prepetition and for tortiously interfering with the debtor's contractual relationship with its tenant).

C.

The complaint before the court asserts no monetary claim against the debtor, who is at best a nominal party. Buesgens's claims, rather, are against the government for its alleged failure to accommodate his disability, and against various persons he believes have thwarted the vindication of those claims. His claims arise under no provision of the Bankruptcy Code. The only nexus—and it is a very tenuous one—between those claims and the present case is that the debtor had employment discrimination claims similar to those of Buesgens. That is, she, like him, was employed by the Internal Revenue Service, and she, like him, asserted a discrimination claim based on failure to accommodate a disability. Because a successful outcome of the present suit would benefit only Buesgens and would not affect the distribution to creditors under the debtor's confirmed chapter 13 plan, it is not "related to" the bankruptcy case even under the broad standard of *Pacor*, notwithstanding Buesgens's arguments that his situation is analogous to that of the debtor, and that many government employees who do not receive the accommodation to which they are legally entitled end up having to file bankruptcy. Put another way, mere similarity of circumstances is not sufficient to create "related to" jurisdiction. Accordingly, whatever underlying merit there may be to Buesgens's claims against the government, this is simply not the court in which to try them.[3]

---

[3] The court notes that even if subject-matter jurisdiction existed, the claims might nevertheless be barred on other grounds. In particular, one of the reasons identified by the United States District Court for the District of Columbia for denying Buesgens's motion to intervene in the debtor's lawsuit against the Secretary of the Treasury was that Buesgens's claims "have already been
(continued...)

D.

Even though a fair reading of the complaint does not reflect that Buesgens is seeking any direct form of relief against the debtor, it does assert that the debtor failed to list her employment discrimination claim, or its post-petition settlement, on her schedules.[4] In a chapter 7 case, false or misleading schedules may result in denial of discharge, and a complaint objecting to the debtor's discharge would clearly "arise under" the Bankruptcy Code. § 727(a)(4)(A), Bankruptcy Code. In chapter 13, however, there is no equivalent bar to discharge, and the only express conditions for receipt of a discharge are completion of payments under the confirmed plan, the completion of an instructional course in personal financial management, the passage of the required period of time since any prior case in which debtor received a discharge, or, if the debtor has claimed a homestead exemption in excess of $136,875, the absence of certain felony

---

[3](...continued)
adjudicated . . . and are bared [*sic*] by *res judicata.*" *Bergman v. Snow*, No. 06-303 (GK) (D. D.C., July 10, 2008). *See Buesgens v. Snow*, No. 1:05-cv-00243-SS (W.D. Tex., Dec. 6, 2006) (granting summary judgment to Secretary of Treasury and dismissing complaint); *Buesgens v. United States,* No. 1:06-cv-00967-LY (W.D. Tex. July 11, 2007) (dismissing complaint against the United States and many of the defendants named in the present action with prejudice and observing, "despite repeated judgments denying him relief, Buesgens continues to file and pursue frivolous lawsuits raising issues related to . . . his employment that have already been litigated in numerous prior actions.").

[4] The debtor did list on her schedule of assets an "EEOC Claim" having an "unknown" value. On her statement of financial affairs, however, she responded "None" to the question asking for all suits and administrative proceedings to which she was or had been a party within one year immediately preceding the filing of the bankruptcy case. This answer is remarkable — particularly considering that the debtor is an attorney — because she had filed a lawsuit in the United States District Court for the District of Columbia on February 21, 2006, against the Secretary of the Treasury for damages and other relief under the Rehabilitation Act of 1973, and the suit was still pending when the bankruptcy petition was filed. *Bergman v. Snow*, C.A. No. 06-0303 (GK). After the bankruptcy was filed, the suit was resolved on June 24, 2008 by a settlement agreement and order, under which the debtor received $80,000 in compensatory damages and her attorneys received $252,565.68.

convictions or proceedings for securities fraud. § 1328(a), (f), (g), and (h), Bankruptcy Code.

The filing of false schedules would, however, be a relevant factor in determining whether the case or plan had been filed in bad faith, so as to deny confirmation and dismiss the case. § 1325(a)(3) and (7), Bankruptcy Code. But the only parties with <u>standing</u> to seek dismissal of the case, denial of confirmation, or revocation of confirmation, would be the United States Trustee, the chapter 13 trustee, or a creditor with an allowed claim. Although Buesgens argues that his claim was improperly disallowed, the simple fact is that his claims are not against the debtor. Put another way, she does not owe him money out of <u>her</u> pocket simply because his claim against the government is similar to hers. Accordingly, whatever remedies the Bankruptcy Code may provide with respect to a debtor who does not make full disclosure of assets, they cannot be asserted by Buesgens.[5]

E.

The jurisdictional analysis is somewhat clouded, to be sure, by Buesgens's pleading adding Robert G. Mayer, the bankruptcy judge presiding over the debtor's case, as a party defendant. The complication arises chiefly because it is not clear what actual cause of action is being asserted. Buesgens complains that Judge Mayer stepped outside his jurisdiction in disallowing his claim because, Buesgens argues, his is a personal injury claim that is excluded from the definition of a core proceeding and must be tried in the District Court. *See* 28 U.S.C. §

---

[5] None of this is to suggest that the court takes nondisclosure or inadequate disclosure of assets lightly, and the court expects that the chapter 13 trustee will look into the matter and, if appropriate, bring any concerns before the court.

157(b)(2)(B) and (b)(5). Even if that were so,[6] Buesgens has a plain and adequate remedy in the form of an appeal to the District Court. 28 U.S.C. § 158(a). And, in fact, Buesgens has noted an appeal of the ruling disallowing his claim.[7] To be sure, he has not paid the filing fee, and the District Court may dismiss the appeal on that basis, but that does not detract from the fact that the Bankruptcy Code provides a complete remedy for any error Judge Mayer may have made in disallowing the claim. The pleading adding Judge Mayer as a defendant does not assert a monetary claim—which in any event would be barred by judicial immunity—but appears to seek relief in the nature of mandamus or prohibition. Prohibition and mandamus are extraordinary writs that lie "to prevent a lower court from exceeding its jurisdiction in matters over which it has cognizance or usurping matters not within its jurisdiction to hear or determine." Black's Law Dictionary 1001, "Prohibition" (5th ed. 1979); 19 Moore's Federal Practice ¶ 204.01[2], 204-8 (2008) (noting that mandamus may be used to prevent judges from exceeding their authority). An extraordinary writ such as mandamus will not lie, however, when an appeal is available. *Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 27-28, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). More to the point, a request for writ of mandamus or prohibition is—by its very

---

[6] Courts are divided as to whether the term "personal injury tort" as used in 28 U.S.C. § 157(b)(2)(B) and (b)(5) is restricted to personal bodily injury or also extends to other invasions of personal rights, such as employment discrimination. But, in any event, a threshold determination not going to the underlying merits of a claim but determining, for instance, whether it is barred by the statute of limitations, or, as here, does not lie against the estate but against other parties, would appear to fall within a bankruptcy judge's jurisdiction, since it is only the "trial" of the claim that is reserved to the District Court. But because Buesgens has noted a timely appeal from the ruling disallowing his claim, argument on those issues is properly addressed to the District Court.

[7] Because an order has not yet been entered reflecting the ruling, the notice of appeal will treated as having been filed on the date the order is ultimately entered. Fed.R.Bankr.P. 8003(a).

nature—addressed to a superior court, not to the court hearing the underlying action. Put another way, a litigant cannot, as a conceptual matter, ask a lower court to prohibit its own actions. Even assuming therefore that a writ of mandamus or prohibition would lie to prevent this court from adjudicating Buesgens's claim, any request for such a writ would have to be directed to the District Court, not this court.

For the reasons stated, a separate order will be entered dismissing the complaint..

Date: _____        _____
                                     Stephen S. Mitchell
Alexandria, Virginia                 United States Bankruptcy Judge


Copies to:

Michael L. Buesgens
3112 Windsor Rd., Suite A322
Austin, TX 78703
Plaintiff *pro se*

Nathan Fisher, Esquire
3977 Chain Bridge Road, #2
Fairfax, VA  22030
Counsel for defendant Tessa Elena Bergman

John D. Quinn, Esquire
910 16th Street, NW Ste. 500
Washington, DC 20006
Defendant

Mary-Ellen Krcha
Internal Revenue Service
Office of Chief Counsel
950 L'Enfant Plaza
Washington, DC 20024
Defendant


Mark S. Kaizen

Internal Revenue Service
Office of the Chief Counsel
950 L'Enfant Plaza
Washington, DC 20024
Defendant

Linda Stiff
Internal Revenue Service
1111 Constitution Avenue, NW
Washington, DC 20224-0002
Defendant

Henry M. Paulson
Department of the Treasury
Rm. 3330
1500 Pennsylvania Avenue
Washington, DC 20220
Defendant

Neal Lee Presant
Federal Occupational Health Service
4550 Montgomery Ave., Ste. 950
Bethesda, MD 20814
Defendant

Martin G. Allen
Federal Occupational Health Service
2501 Calvert Street NW
Washington, DC 20008
Defendant

Rhonda C. Fields
555 4th Street, NW
Washington, DC 20530
Defendant

Jeffrey A. Davis
555 4th Street, NW
Washington, DC 20530
Defendant

Michael O. Leavitt
U.S. Department of Health & Human Svcs
Hubert H. Humphrey Building
Rm. 615 F
200 Independence, SW
Washington, DC 20201
Defendant

Colleen M. Kelley
National Treasury Employees Union
1750 H. Street, NW 7th Fl
Washington, DC 20006
Defendant

Russell Dean Bokelman
National Treasury Employees Union
1750 H street, NW 7th Floor
Washington, DC 20006
Defendant

Robert G. Mayer
U.S. Bankruptcy Court
200 South Washington St.
Alexandria, VA  22314
Defendant